UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 1:09-cr-179 |
| v. | ) | |
| | ) | Judge Mattice |
| KELVIN JOHNSON | ) | |

## MEMORANDUM AND ORDER

Before the Court is the Government's Objection to Report and Recommendation [Court Doc. 16] and Defendant Kelvin Johnson's Objection to Report and Recommendation [Court Doc. 17].

Defendant filed his Motion to Suppress [Court Doc. 9] which was referred to Magistrate Judge William B. Mitchell Carter. [Court Doc. 10]. Magistrate Judge Carter held an evidentiary hearing on Defendant's Motion to Suppress and issued his Report and Recommendation which recommended that Defendant's motion be denied [Court Doc. 15]. The Government and Defendant timely filed objections to Magistrate Judge Carter's R&R and the Government timely responded to Defendant's Objection [Court Docs. 16, 17 & 18].

The Court has now reviewed the entire record pertinent to the instant objection, and for the reasons described below, the Court will **ACCEPT and ADOPT** Magistrate Judge Carter's R&R and will **DENY** Defendant's Motion to Suppress.

I.     **STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations 28 U.S.C. § 636(b)(1)(C).

## II. FACTS

Magistrate Judge Carter held an evidentiary hearing on Defendant's Motion to Suppress on April 14, 2010, during which Officer Jason Duggan of the Chattanooga Police Department testified for the Government. In his R&R, Magistrate Judge Carter recounted at some length the facts developed at the evidentiary hearing. (Court Doc. 15, R&R at 1-6). The Government objects to one factual statement in Magistrate Judge Carter's R&R, but Defendant has not objected to any of the facts as outlined in Magistrate Judge Carter's R&R. Instead, Defendant's objections focus on the legal conclusions drawn from the facts. Accordingly, notwithstanding the factual statement that is the subject of the Government's objection, the Court **ADOPTS BY REFERENCE** the facts as set out in Magistrate Judge Carter's R&R. (*Id.*) The Court will refer to the facts only as necessary to analyze the issues raised on objection.

## III. ANALYSIS

The Court will address the Government's factual objection first before addressing Defendant's legal objections.

### A. The Government's Objection

The Government objects to a factual statement in Magistrate Judge Carter's R&R wherein Magistrate Judge Carter stated that "[t]he length of the detention was not unreasonable either. They waited approximately 30 to 35 minutes from the time the warning citation was given until the drug dog alerted on defendant's car." (R&R at 12.) The Government asserts that the "30 to 35 minutes" actually constituted the entire traffic stop, not just the period between the issuance of the citation and the drug dog's alert.

(Court Doc. 16, Gov't.'s Objs. at 1.)  The Government states that the citation was issued approximately 14 minutes and 50 seconds into the stop, and the drug dog arrived approximately 15 minutes and 42 seconds after Defendant had signed the citation.  (*Id.*)  Approximately 19 minutes elapsed from the time the citation was issued until the drug dog alerted on the vehicle.  (*Id.* at 1-2.)  Therefore, the Government contends that the entire length of time between the commencement of the stop and probable cause was about 35 minutes, not just the time after the issuance of the citation.  (*Id.*)

The Court has reviewed the dash camera video and agrees that the entire stop took about 30 to 35 minutes, making the prolongation of the traffic stop after the issuance of the citation only approximately 19 minutes.  Accordingly, the Court **SUSTAINS** the Government's Objection.  The Court finds, however, that this factual discrepancy in the R&R does not affect Magistrate Judge Carter's ultimate conclusion and that a rejection of that portion of the R&R to correct this factual error is unnecessary.

**B.     Defendant's Objection**

Defendant objects to Magistrate Judge Carter's conclusion that Officer Duggan had sufficient reasonable suspicion of criminal activity to warrant Defendant's detention beyond the purpose of the traffic stop.  (Court Doc. 17, Def.'s Objs. at 1.)  Defendant asserts that because Officer Duggan lacked reasonable suspicion to prolong the stop, Defendant should have been allowed to leave when the citation was issued and should not have been drawn into a false "consensual encounter" with Officer Duggan.  (*Id.*)

In his R&R, Magistrate Judge Carter recounted at length the observations Officer Duggan relied upon to detain Defendant beyond the purpose of the traffic stop.  First,

Defendant appeared excessively nervous; he was sweating, his hands shook, and he stared intensely at Officer Duggan. (R&R at 8.) Second, when Defendant was out of the vehicle and talking to Officer Duggan, he stood in a "bladed" stance with one foot in front of the other, which indicated to Officer Duggan that he was in "fight or flight" mode. (*Id.*) Third, Defendant claimed that he was traveling to Kentucky to meet a woman he'd never met and would stay there for several days, but did not have any luggage in the car, only a few packs of new underwear and t-shirts. (*Id.*) Fourth, Defendant had a container of industrial strength degreaser in a rental car, which Officer Duggan testified can be used to wipe fingerprints. (*Id.*) Fifth, the rental agreement specified that the car could only be driven in Georgia and Florida, but Defendant was driving in Tennessee and on his way to Kentucky. (*Id.*) Finally, Officer Duggan learned through the records checks that Defendant had multiple arrests on narcotic charges. (*Id.*) Magistrate Judge Carter stated that Officer Duggan testified during the evidentiary hearing that these factors were "not consistent with the innocent motoring public" and made him suspicious that Defendant was engaged in criminal activity. (*Id.*)

Magistrate Judge Carter found the discrepancies between Officer Duggan's observations and Defendant's story about traveling to Kentucky to meet a woman significant because Defendant had no luggage and no clothing beyond some new white t-shirts and underwear and the clothes he was wearing. (R&R at 10.) Magistrate Judge Carter also found it significant that Defendant was driving in locations not authorized on the rental contract. (*Id.*) Somewhat less significant to Magistrate Judge Carter, but still relevant, were Officer Duggan's observations about Defendant's nervousness, his stance,

and the unusual presence of industrial strength degreaser in the back seat of a car rented only a few hours before the traffic stop. (*Id.* at 11.) Magistrate Judge Carter also noted the significance of Defendant's prior arrests for narcotics and assault. (*Id.*) Magistrate Judge Carter stated that he was certain Officer Duggan was legitimately suspicious that Defendant had contraband in the vehicle, but his task was to determine if this suspicion was reasonable. (*Id.*) Magistrate Judge Carter acknowledged that there could be an innocent explanation for each factor, but that even multiple innocent factors could adequately support reasonable suspicion. (*Id.*)

After considering all the factors, Magistrate Judge Carter concluded that Defendant's continued detention was justified by reasonable suspicion and did not violate his constitutional rights. (*Id.*) Magistrate Judge Carter then turned to the scope of the continued detention and determined that the manner and length of Defendant's detention were both reasonable and that the detention, while certainly intrusive, was not unreasonably so. (*Id.* at 11-12.) Magistrate Judge Carter found that Defendant was treated appropriately by Officer Duggan during the detention and the detention lasted approximately 19 minutes from the time that Defendant signed his citation until probable cause arose to search the rental vehicle. (*Id.* at 12.)

Defendant objects to Magistrate Judge Carter's conclusion by claiming that all of the factors which supported Officer Duggan's reasonable suspicion are innocent behaviors. Defendant asserts that he was a large, heavy man on the date of the traffic stop, which took place in the summer, and it would not be unusual for him to be sweating. (Def.'s Objs. at 2.) Defendant argues that staring is not suspicious; rather, it shows respect for another

individual by maintaining eye contact. (*Id.* at 2-3.) Defendant claims that Officer Duggan's interpretation of his stance was incorrect and that he stood that way because he did not want to continue having a conversation with Officer Duggan and would have preferred to leave. (*Id.* at 3.) Defendant further asserts that he did not make any move that would indicate an attempt to flee; instead, he answered all of Officer Duggan's questions respectfully and calmly, in a normal tone of voice, and did not exhibit suspicious behavior. (*Id.* at 3-4.) Moreover, Defendant states that he had industrial strength degreaser in the vehicle because he is a mechanic, and the mere possession of this container is not suspicious. (*Id.* at 4.) As for Officer Duggan's suspicions about Defendant's lack of luggage, Defendant claims that there were two shopping bags in the backseat that Officer Duggan did not look into, and these bags could have held additional travel items; furthermore, because Defendant was married and going to meet another woman, it might be unlikely for him to have luggage. (*Id.*)

Defendant contends that the innocence of all factors does not support reasonable suspicion and that Officer Duggan's detention of him was improper. (*Id.* at 4-5.) Defendant submits that even considered together, the factors are not sufficient to support reasonable suspicion, and further submits that if he had not made eye contact and stood squarely before the officer, those factors might be cited as suspicious due to evasiveness or aggressiveness. (*Id.* at 5.)

The Government responds to Defendant's objections by stating that the reasonable suspicion determination must be made by reviewing the totality of the circumstances, not by reviewing each factor individually. (Court Doc. 18, Gov't Resp. at 1.) The Government

asserts that the factors observed by Officer Duggan, when reviewed in the aggregate, are adequate to support a reasonable suspicion of criminal activity and Officer Duggan's detention of Defendant. (*Id.* at 2-3.)

The Court finds that Officer Duggan diligently pursued the purpose of the traffic stop for the first approximately 15 minutes of the traffic stop, when he had Defendant sign the citation. The issuance of the citation signaled the end of the traffic stop. "Once the purpose of the traffic stop is completed, a police officer may not further detain the vehicle or its occupants unless something that occurred during the traffic stop generated the necessary reasonable suspicion to justify a further detention." *United States v. Torres-Ramos*, 536 F.3d 542, 550 (6th Cir. 2008) (citations and internal quotations omitted). At issue in this case, as in many others, is the propriety of the time from the end of the initial purpose of the traffic stop until probable cause arose to search Defendant's rental vehicle. "To detain the motorist any longer than is reasonably necessary to issue the traffic citation . . . the officer must have reasonable suspicion that the individual has engaged in more extensive criminal conduct." *United States v. Townsend*, 305 F.3d 537, 541 (6th Cir. 2002).

Magistrate Judge Carter acknowledged that this was a difficult call, and the Court agrees. Like Magistrate Judge Carter, the Court is convinced that Officer Duggan was sincerely suspicious that Defendant had contraband in the vehicle, but the Court recognizes that its task is to determine whether Officer Duggan's suspicions were reasonable. After reviewing the totality of the facts and circumstances, however, the Court agrees with Magistrate Judge Carter's conclusion that Defendant was properly detained

outside the time of the actual traffic stop because Office Duggan had a "reasonable and articulable suspicion that criminal activity was afoot." *Townsend*, 305 F.3d at 541 (citation omitted). Each of Officer Duggan's observations may not have been necessarily suspicious viewed in isolation; however, when viewed together as a whole, the Court finds that Officer Duggan had a reasonable suspicion that Defendant was engaged in criminal activity and that contraband might be found in the vehicle. As Magistrate Judge Carter noted in his R&R, "even a string of innocent behavior added together" can be sufficient to support reasonable suspicion. (R&R at 11.) (quoting *United States v. Richardson*, 385 F.3d 625, 631 (6th Cir. 2004)).

In articulating its analysis as it does, the Court does not necessarily suggest that all of Officer Duggan's observations would be innocent when viewed alone; instead, the Court finds it suspicious that Defendant was driving in states not authorized by the rental contract and also finds the discrepancies between Defendant's travel plans and Officer Duggan's observations to be suspicious. Moreover, Officer Duggan learned prior to issuing the citation that Defendant had several prior drug and weapons charges. Defendant's nervousness and "bladed" stance may be more innocent behaviors when taken alone, but these behaviors when considered within the context of Officer Duggan's other observations are sufficient to support reasonable suspicion. The Court also agrees with Magistrate Judge Carter's conclusion that the scope of the detention was reasonable in both manner and length.

Accordingly, the Court agrees with Magistrate Judge Carter's conclusion that the length of detention beyond the traffic stop did not violate the Fourth Amendment and the Court will **DENY** Defendant's Motion to Suppress.

**IV.    CONCLUSION**

For the reasons explained above, the Court **ORDERS** the following:

•   The Government's Objections [Court Doc. 16] are **SUSTAINED**;

•   Defendant's Objections [Court Doc. 17] are **OVERRULED**;

•   Magistrate Judge Carter's R&R [Court Doc. 15] is **ACCEPTED and ADOPTED**; and

•   Defendant's Motion to Suppress [Court Doc. 9] is **DENIED**.

**SO ORDERED** this 21st day of July, 2010.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE